[Cite as *State v. Foster*, 2014-Ohio-4323.]

STATE OF OHIO            )             IN THE COURT OF APPEALS
                         )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

STATE OF OHIO                          C.A. No.      27288

        Appellee

        v.                             APPEAL FROM JUDGMENT
                                       ENTERED IN THE
JOHN B. FOSTER                         COURT OF COMMON PLEAS
                                       COUNTY OF SUMMIT, OHIO
        Appellant                      CASE No.     CR 2013 07 1766

DECISION AND JOURNAL ENTRY

Dated: September 30, 2014

CARR, Judge.

{¶1}   Appellant, John Foster, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

{¶2}   On July 12, 2013, the Summit Count Grand Jury indicted Foster on one count of aggravated robbery and one count of possession of marijuana. The indictment was supplemented on September 16, 2013, with an additional count of aggravated robbery accompanied by a firearm specification. Foster initially pleaded not guilty to all of the charges against him. Foster subsequently waived his right to a jury trial and elected to be tried by the court. After a bench trial, Foster was found guilty of both counts of aggravated robbery along with the firearm specification. Upon the motion of the State, the possession of marijuana charge was dismissed. In addition to a three-year prison sentence for the firearm specification, the trial court imposed a

six-year term of incarceration for each count of aggravated robbery. The trial court ran all of the sentences consecutively for a total prison sentence of 15 years.

{¶3} On appeal, Foster raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING APPELLANT TO CONSECUTIVE TERMS OF IMPRISONMENT BY FAILING TO CITE THE REQUIRED FACTORS PURSUANT TO R.C. 2929.14(C)(4) IN ITS JOURNAL ENTRY.

{¶4} In support of his position, Foster asserts that the trial court erred by not incorporating its findings in support of its decision to impose consecutive sentences into the sentencing entry. This Court agrees.

{¶5} While Foster acknowledges that the trial court made findings at the sentencing hearing in support of its decision to impose consecutive sentences, he emphasizes that those findings were never incorporated into the sentencing entry. R.C. 2929.14(C)(4) requires the trial court to make findings in support of its decision to impose consecutive prison terms. The Supreme Court of Ohio recently held that, "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, syllabus. A review of the record in this case confirms that while the trial court made findings at the sentencing hearing, it failed to incorporate those findings into the sentencing entry. It follows that this matter must be remanded for the trial court to incorporate its findings in support of imposing consecutive sentences into its sentencing entry.

{¶6} Foster's assignment of error is sustained.

III.

**{¶7}** Foster's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistnt Prosecuting Attorney, for Appellee.